```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MARTIN F. RICE,

                         Plaintiff,           06-CV-6613T

              v.                               **DECISION**
                                               **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                         Defendant.
_____
```

## INTRODUCTION

Plaintiff Martin F. Rice ("plaintiff" or "Rice") brings this action pursuant to Titles II and XVI of the Social Security Act claiming that the Commissioner of Social Security ("Commissioner") improperly denied his application for disability benefits.[1] Specifically, Rice alleges that the decision of an Administrative Law Judge ("ALJ") who heard his case was erroneous because it was not supported by the substantial evidence contained in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Rice opposes the defendant's motion.

---

[1] This case (formerly civil case 03-CV-0462-E(Sr)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 4, 2006.

## BACKGROUND

On January 26, 1984, plaintiff Martin F. Rice, at the time 25 years old and unemployed, applied for Social Security disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") alleging disability since June 30, 1981.  Rice's application for benefits was initially denied.  Plaintiff requested an administrative hearing and by decision dated July 30, 1984, the ALJ denied plaintiff's application.  Thereafter, Rice's appeal of the ALJ's decision to the Social Security Appeals Council was denied. On November 10, 1994, plaintiff affirmatively responded to a court case review request from the Social Security Administration allowing for review of his 1984 applications pursuant to a proposed class action settlement in Stieberger v. Sullivan, 792 F. Supp. 1376 (S.D.N.Y.).  As a result, plaintiff's January 1984 applications were reopened in February 1998.

On January 12, 2000, and on March 13, 2000, plaintiff filed applications for DIB and SSI for a third time.  Both applications were initially denied.  Plaintiff then requested an administrative hearing.  In the Notice of Hearing Letter dated November 16, 2001, ALJ William R. Pietz informed plaintiff that the hearing would concern his recent applications for DIB and SSI as well as his January 26, 1984 applications.

On December 17, 2001, plaintiff appeared with counsel at a hearing held before ALJ Pietz.  The ALJ's January 22, 2002 decision

determined that plaintiff was not disabled. Thereafter, Rice's appeal of the ALJ's decision to the Social Security Appeals Council was denied. Plaintiff filed this action June 18, 2003.

Subsequently, plaintiff submitted additional medical evidence in April 2006 from Dr. Santa Maria, a neuropsychologist who evaluated Rice in March 2006 and opined that plaintiff suffered traumatic brain injury (hereinafter "TBI") in a motor vehicle accident at age four resulting in considerable adverse impact on brain function.

For the reasons that follow, the case is remanded to the Commissioner to reconsider plaintiff's application and develop the record in accordance with the additional medical evidence.

## **DISCUSSION**

The Social Security Act provides that a court may remand a case to the Commissioner to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To establish that a remand to the Commissioner for consideration of new evidence is warranted, the plaintiff must show that the proffered evidence is 'new' and not merely cumulative of what is already in the record; that the new evidence is material, and that there is good cause for failing to present the evidence earlier. Jones v. Sullivan, 949 F.2d 57 (2d Cir. 1991).

"Material" evidence is evidence that is both relevant and probative with respect to the claimant's condition during the time period for which benefits were denied. Jones, 949 F.2d 57. Moreover, to be entitled to a remand, the plaintiff must establish that there is a reasonable possibility that the new evidence would have influenced the Commissioner to decide claimant's application differently. Jones, 949 F.2d 57.

In the instant case, the new evidence submitted by the plaintiff: to wit Dr. Santa Maria's opinion regarding Rice's TBI and resulting cognitive deficits, constitutes new, material evidence with respect to plaintiff's alleged disability. Moreover, I find that there is good cause for the plaintiff's failure to provide this evidence during earlier proceedings, and that this evidence could influence the Commissioner to decide plaintiff's application for benefits differently.

Dr. Santa Maria's March 2006 examination of Rice opines that Rice suffers a static dementia due to a traumatic brain injury suffered when Rice was four years of age. Dr. Santa Maria notes that based on IQ tests, Rice's condition is not Mental Retardation but instead Rice suffers cognitive deficits in memory, reading, writing, basic attention, cognitive processing speed, spatial perception, fine motor speed and coordination, and novel problem-solving. He further opines that TBI-related abnormality is not apparent on brain MRI as the injury occurred early in development,

thus allowing for considerable brain development/recovery following the injury.

Rice has a history of anxiety and depression and limited intellectual ability but none of it was ever attributed to TBI. He was treated for depression at the Buffalo Psychiatric Center in September 1983. (T. 224-30). Psychologist Dr. Moses met with Rice ten times and opined in February 1984 that Rice had adjustment disorder with mixed emotional features. (T. 218). Psychologist Dr. Boccia opined in May 1997 that Rice suffered from dysthymia, anxiety disorder, and personality disorder, and recommended that Rice seek outpatient mental health counseling. (T. 258). A clinical social worker reported to the New York Department of Vocational and Educational Services for Individuals with Disabilities ("VESID") in March 1999 that Rice was "psychologically brittle with only marginally effective coping skills" and that he should seek mental health counseling. (T. 342). In July 2000, Dr. Dickinson opined that Rice was of low average intelligence and diagnosed depression, a learning disorder, and a reading deficit. (T. 365-66). Dr. Nickovlova opined that plaintiff was psychiatrically disabled in December 2001. (T. 482-86).

In June 1986, Dr. Bath's psychological evaluation showed that Rice functioned at the borderline range of intelligence. (T. 320). In April 1987, I.Q. testing showed Rice had 'severe deficits' in mathematics, reading, and writing, but was in the 'average' range

in knowledge and receptive vocabulary skills.  (T. 315).  A VESID certified social worker evaluated Rice in June 1998 and found him to have "severe deficits" in reasoning, perceptual speed, memory, reading, mathematics, written language and knowledge.  (T. 275).

Dr. Santa Maria's opinion regarding the effects of Rice's traumatic brain injury sustained when he was four years old puts the medical and vocational evidence in a new light.[2]  If Rice did suffer a traumatic brain injury as Dr. Santa Maria suggests, that along with other evidence could support a finding by the Commissioner that Rice was disabled during the time periods in question.  Dr. Santa Maria also points out that traumatic brain injury suffered at such young age would not appear on an MRI and thus would have been missed and not taken into account by subsequent examining physicians.  As such, in this case, Rice had good cause for not offering this evidence sooner.  Therefore, the record should be further developed to investigate Dr. Santa Maria's opinion in light of the total evidence contained in the record.

---

[2] I note that Dr. Santa Maria's report relies in significant part on plaintiff's report of a motor vehicle accident that occurred when the plaintiff was four years of age.  On remand, the Commissioner should consider facts and evidence relating to the alleged car accident, including its nature and severity, to the extent such evidence exists.  The Commissioner may also, at her discretion, order further independent medical examinations for the purpose of evaluating what effect, if any, the injuries allegedly suffered in that motor vehicle accident may have had on plaintiff's development and current condition.

Accordingly, the case is remanded to the Commissioner to reconsider plaintiff's application.

## **Conclusion**

Because the Commissioner did not have an opportunity to consider the newly submitted medical evidence when she made her decision denying plaintiff's application for Social Security benefits, this case is remanded to the Commissioner for reconsideration of her previous decision denying plaintiff's application for benefits in light of the new evidence to be submitted directly to the Commissioner by the plaintiff.

ALL OF THE ABOVE IS SO ORDERED.

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          February 22, 2007